**Affirmed and Memorandum Opinion filed January 14, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00322-CR

### CHRISTOPHER RENE LOPEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 11CR1866**

## MEMORANDUM OPINION

In this appeal from a judgment adjudicating guilt, appellant complains that his trial counsel was ineffective because counsel neither pursued a motion to suppress nor presented any evidence in mitigation. For reasons explained more fully below, we overrule both of these complaints and affirm the trial court's judgment.

# BACKGROUND

Appellant pleaded guilty to a single count of sexual assault of a child, and pursuant to a recommendation, the trial court placed him on deferred adjudication for a period of seven years. Among other conditions of community supervision, the trial court ordered appellant to not possess any obscene or pornographic material; to not possess any device capable of internet access, including a cellphone; and to not engage in any sort of communication with children.

Five years into his community supervision, appellant was pulled over for making multiple traffic violations. Appellant was visibly nervous during the traffic stop, and he explained to the officer that he was a sex offender with only two years remaining on his deferred adjudication.

The officer grew suspicious over the course of the traffic stop. The officer saw in plain view an adult pornographic magazine inside of appellant's vehicle. The officer saw a quinceañera magazine as well, which, though not pornographic, featured underage girls. He also saw a cellphone with a recent banner notification for "Z girls" and "sensitive material."

After conferring with the local sex crimes unit, the officer asked for, and obtained, appellant's written consent to search the contents of his cellphone. On the cellphone, the officer found pornography and a messenger app, which contained recent communications with a person who claimed to be a sixteen-year-old girl.

Based on the foregoing, the State moved to revoke appellant's community supervision and adjudicate his guilt. Appellant pleaded not true to the allegations contained within the motion, but the trial court found the allegations to be true and assessed punishment at the maximum term of twenty years' imprisonment.

## ANALYSIS

Appellant now asserts two claims of ineffective assistance of counsel. To prevail on either claim, appellant must establish that his counsel's performance was deficient, and that the deficient performance was so prejudicial that it deprived him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

Appellant's first claim of ineffectiveness is difficult to address because his brief contains conflicting representations. Appellant begins by saying that his counsel was ineffective because "counsel did not pursue a motion to suppress evidence." But later in his brief, appellant acknowledges that his "counsel filed a motion to suppress" and "did broach the subject of suppressing the search of [his] phone."

The latter representations are accurate. Counsel filed a motion to suppress, alleging that appellant's cellphone had been seized "without lawful warrant, probable cause or other lawful authority." And at the beginning of the revocation hearing, counsel argued that the cellphone evidence should be suppressed. Counsel specifically said, "The rest of the allegations, I believe the evidence will show, were as a result of a traffic stop of the Defendant back in March, that the Defense will contend there was no reasonable suspicion for; and that, therefore, any items . . . seized or searched pursuant to that illegal traffic stop should be suppressed."

Later during the hearing, after the prosecution offered into evidence the contents of the cellphone, counsel requested that the trial court conditionally admit the evidence "until the Court has heard from our side of the case regarding . . . the initial stop of the vehicle." The trial court agreed to conditionally admit the evidence, and at the end of the hearing, the trial court "officially" admitted the evidence for its

own consideration. The trial court did not expressly opine on the lawfulness of the traffic stop, but by admitting the cellphone evidence, the trial court implicitly found that the traffic stop had been lawful and that appellant's consent to search the phone had been voluntary. These implicit findings also mean that the trial court implicitly denied appellant's motion to suppress. *See Montanez v. State*, 195 S.W.3d 101, 104–05 (Tex. Crim. App. 2006) (observing that a trial court's adverse ruling on a motion to suppress can be implied).

The record accordingly establishes that counsel pursued a motion to suppress, which is contrary to appellant's claim of ineffectiveness.

In a single sentence in his brief, appellant suggests that counsel was ineffective because counsel "failed to secure a hearing or ruling [on the motion to suppress] prior to the revocation hearing." Appellant has not identified any authority that would require counsel to seek a separate suppression hearing before proceeding to the revocation hearing. And in any event, the record is completely silent as to counsel's reasons for carrying the motion to suppress with the revocation hearing.

Appellant did not move for a new trial, and counsel did not provide any live or affidavit testimony explaining his motivations and strategy. In the absence of such evidence, appellant has not overcome the strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *See Strickland*, 466 U.S. at 690; *see also Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) ("Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.").

In his second claim of ineffectiveness, appellant contends that his counsel's performance was deficient because counsel did not call any witnesses or produce any exhibits in mitigation of punishment. But to obtain relief on such a claim,

4

appellant was required to show that witnesses would have been available at the hearing and that the evidence would have been beneficial to the defense. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004). Appellant does not identify in his brief which witnesses counsel should have called, which exhibits counsel could have produced, or whether there was any available evidence that would have actually been beneficial to the defense. The record is also silent on such matters, as they were never raised in a motion for new trial. Appellant accordingly failed to satisfy his burden of proving that counsel's performance was deficient.

Because appellant did not rebut the presumption on either of his claims that counsel's performance had been adequate, we need not consider whether appellant suffered any prejudice. *See Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010) ("To succeed on an ineffectiveness claim, a defendant must show both components; failure to show either deficient performance or prejudice will defeat the ineffectiveness claim.").

## CONCLUSION

The trial court's judgment is affirmed.


/s/    Tracy Christopher
       Justice


Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.

Do Not Publish — Tex. R. App. P. 47.2(b).